David J. McGlothlin, Esq. (SBN: 026059)
david@southwestlitigation.com
**Hyde & Swigart**
One E. Camelback Road, Suite 300
Phoenix, AZ 85012-1677
Telephone: (602) 265-3332
Facsimile: (602) 230-4482

Attorneys for the Plaintiffs
Michael and Candace Fahy

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Michael and Candace Fahy<br><br>                    Plaintiffs,<br><br>v.<br><br>United Collection Bureau, Inc.<br><br>                    Defendant. | **Case Number:**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Michael and Candace Fahy, (Plaintiffs), through Plaintiffs' attorneys, bring this action to challenge the actions of United Collection Bureau, Inc., ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damage.

3. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on personal knowledge.

4. Unless otherwise stated, Plaintiffs allege that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

6. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA")

7. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

9. Plaintiffs are natural persons who reside in the City of Mesa, County of Maricopa, State of Arizona.

10. Defendant is located in the City of Toledo, the County of Lucas, and the State of Ohio.

11. Plaintiffs are obligated or allegedly obligated to pay a debt, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

12. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

13. At all times relevant to this matter, Plaintiffs were individuals residing within the State of Arizona.

14. At all times relevant, Defendant conducted business within the State of Arizona.

15. Sometime before March 2009, Plaintiffs are alleged to have incurred certain financial obligations.

16. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

17. Sometime thereafter, but before March 2009, Plaintiffs allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiffs currently take no position as to the validity of this alleged debt.

18. Subsequently, but before March 2009, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

19. On or about March 2009, Defendant telephoned Plaintiffs and demanded payment of the alleged debt.

20. This communication to Plaintiffs was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

21. On or about March 2009, Defendant called and spoke to Plaintiff Michael Fahy's mother, a third party, as that phrase is anticipated by 15 U.S.C. §1692c(b), received a letter from Defendant. This call was a

"communication" as 15 U.S.C. §1692a(2) defines that term.  This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiffs, Plaintiffs' attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.  This communication to this third party was not provided for in 15 U.S.C. § 1692b.  By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

22. On or about May 4, 2009, Defendant called and spoke to Plaintiff Michael Fahy's mother, a third party, as that phrase is anticipated by 15 U.S.C. §1692c(b), received a letter from Defendant. This call was a "communication" as 15 U.S.C. §1692a(2) defines that term.  This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiffs, Plaintiffs' attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.  This communication to this third party was not provided for in 15 U.S.C. § 1692b.  By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

23. Through this conduct, Defendant communicated with a person other than the consumer for the purported purpose of acquiring location information and communicated with said person more than once without the request to do so by such person and without reasonably believing that the earlier response by said person was erroneous or incomplete and without reasonably believing that such person now had correct or complete location information. Consequently, Defendant violated 15 U.S.C. § 1692b(3).

24. On or about May 4, 2009, Defendant called Plaintiffs and spoke to Plaintiff Candace Fahy. During this conversation Plaintiff made a payment.

25. On or about May 13, 2009, Defendant called and spoke to Plaintiff Michael Fahy's sister, a third party, as that phrase is anticipated by 15 U.S.C. §1692c(b), received a letter from Defendant. This call was a "communication" as 15 U.S.C. §1692a(2) defines that term.  This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiffs, Plaintiffs' attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.  This communication to this third party was not provided for in 15 U.S.C. § 1692b.  By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

26. Through this conduct, Defendant communicated with a person other than the consumer for the purported purpose of acquiring location information and communicated with said person more than once without the request to do so by such person and without reasonably believing that the earlier response by said person was erroneous or incomplete and without reasonably believing that such person now had correct or complete location information. Consequently, Defendant violated 15 U.S.C. § 1692b(3).

27. Again in May of 2009, Defendant called and spoke to Plaintiff Michael Fahy's mother, a third party, as that phrase is anticipated by 15 U.S.C. §1692c(b), received a letter from Defendant. This call was a "communication" as 15 U.S.C. §1692a(2) defines that term.  This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the

collection of the alleged debt, and with a person other than Plaintiffs, Plaintiffs' attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. This communication to this third party was not provided for in 15 U.S.C. § 1692b. By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

28. Through this conduct, Defendant communicated with a person other than the consumer for the purported purpose of acquiring location information and communicated with said person more than once without the request to do so by such person and without reasonably believing that the earlier response by said person was erroneous or incomplete and without reasonably believing that such person now had correct or complete location information. Consequently, Defendant violated 15 U.S.C. § 1692b(3).

29. On or about May 14, 2009, Plaintiff called Defendant to request that Defendant stop calling Plaintiffs and Plaintiffs' family members.

30. Despite already talking to Plaintiff earlier in the day, and ignoring his request to no longer be called, Defendant called Plaintiff in an attempt to collect the debt.

31. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

32. Through this conduct, Defendant caused a telephone to ring or engaged a person in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. Consequently, Defendant violated 15 U.S.C. § 1692d(5).

33. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

**HYDE & SWIGART**
Phoenix, Arizona

34. On or about May 16, 2009, Plaintiffs sent to Defendant a letter in which Plaintiffs advised Defendant that Plaintiffs wished Defendant to cease further communication with the Plaintiffs in a manner consistent with the requirements pursuant to 15 U.S.C. § 1692c(c).

35. On or about May 16, 2009, Defendant called and spoke to Plaintiff Michael Fahy's neighbor, a third party, as that phrase is anticipated by 15 U.S.C. §1692c(b), received a letter from Defendant. This call was a "communication" as 15 U.S.C. §1692a(2) defines that term.  This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiffs, Plaintiffs' attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.  This communication to this third party was not provided for in 15 U.S.C. § 1692b.  By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

36. Through this conduct, Defendant communicated with a person other than the consumer for the purported purpose of acquiring location information and communicated with said person more than once without the request to do so by such person and without reasonably believing that the earlier response by said person was erroneous or incomplete and without reasonably believing that such person now had correct or complete location information. Consequently, Defendant violated 15 U.S.C. § 1692b(3).

37. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

38. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Defendant violated 15 U.S.C. § 1692f.

39. During Defendant's phone conversation with Plaintiffs' neighbor, Defendant asked Plaintiffs' neighbor to deliver a message that Plaintiff call back Defendant.

40. Through this conduct, Defendant communicated with a person other than the consumer for the purported purpose of acquiring location information and communicated with said person more than once without the request to do so by such person and without reasonably believing that the earlier response by said person was erroneous or incomplete and without reasonably believing that such person now had correct or complete location information. Consequently, Defendant violated 15 U.S.C. § 1692b(3).

41. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

42. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Defendant violated 15 U.S.C. § 1692f.

43. As a result of Defendant's actions Plaintiffs have suffered a great deal of emotional distress and mental anguish including but not limited to the following symptoms: sleeplessness, restlessness, irritability, marital instability, embarrassment, humiliation impacting their relationships with friends, family and neighbors.

//
//
//
//

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

44. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

46. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that judgment be entered against Defendant, and Plaintiffs be awarded damages from Defendant, as follows:

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

47. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

48. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

49. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

//
//
//

### TRIAL BY JURY

50. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Date: June 23, 2009                               **Hyde & Swigart**

By: /s/ David J. McGlothlin
David J. McGlothlin
Attorneys for the Plaintiffs